1

2

3

4

5

6

7

8
**UNITED STATES DISTRICT COURT**

9
**CENTRAL DISTRICT OF CALIFORNIA**

10
**WESTERN DIVISION**

11
**MAURICE WASHINGTON,**                    ) **Case No. CV 15-4626-JVS(AJW)**
                                           )
12
                    **Petitioner,**        ) **MEMORANDUM AND ORDER**
                                           ) **DISMISSING PETITION**
13
              **v.**                       )
                                           )
14
**J. SOTO, Warden,**                       )
                                           )
15
                    **Respondent.**        )
_____  )

16

17
    Petitioner, a state prisoner, was convicted of one count of

18
assault causing great bodily injury, one count of first degree

19
residential burglary, and one count of first degree robbery. [Petition

20
at 2]. On February 29, 1996, he was sentenced to state prison for a

21
term of 31 years to life. [Petition at 2].

22
    On April 15, 2009, petitioner filed a petition for a writ of

23
habeas corpus in this Court challenging his 1996 conviction and

24
sentence. [Case No. CV 09-2632-JVS(AJW)]. That petition was dismissed

25
as untimely on February 24, 2010. Petitioner's requests for a

26
certificate of appealability were denied both by this Court and by the

27
Ninth Circuit Court of Appeals.

28

1      The present habeas corpus petition filed by petitioner again

2 challenges his 1996 conviction and sentence.

3      A federal court must dismiss a second or successive petition that

4 raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A

5 federal court must also dismiss a second or successive petition raising

6 a new ground unless the petitioner can show that (1) the claim rests on

7 a new, retroactive, constitutional right or (2) the factual basis of

8 the claim was not previously discoverable through due diligence, and

9 those new facts establish by clear and convincing evidence that but for

10 the constitutional error, no reasonable factfinder would have found the

11 applicant guilty of the underlying offense. 28 U.S.C. §

12 2244(b)(2)(A)-(B).  It is not the district court, however, that decides

13 whether a successive petition may proceed.  Rather, "[b]efore a second

14 or successive application permitted by this section is filed in the

15 district court, the applicant shall move in the appropriate court of

16 appeals for an order authorizing the district court to consider the

17 application."  28 U.S.C. § 2244(b)(3)(A).  Absent authorization from

18 the Court of Appeals, this Court lacks jurisdiction over this

19 successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157

20 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert.

21 denied, 538 U.S. 984 (2003).

22      Petitioner's prior federal petition was dismissed with prejudice

23 as untimely. A dismissal with prejudice under the statute of limitation

24 renders subsequent petitions successive under the AEDPA. McNabb v.

25 Yates, 576 F.3d 1028, 1029-1030 (9th Cir. 2009) (per curiam). Because

26 petitioner has not obtained leave from the Court of Appeals to file a

27 successive petition, this Court lacks jurisdiction to consider it.

28

1 | Accordingly, the petition for a writ of habeas corpus is dismissed for
2 | lack of jurisdiction.

3 | **It is so ordered.**

4 |

5 | Dated: November 18, 2015

7 | _____
8 | James V. Selna
United States District Judge